JS-6
LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2954 GAF (CWx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | Joanna & Michael Zielinski v. Target National Bank | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

**ORDER REMANDING CASE**

**I.
INTRODUCTION & BACKGROUND**

On March 5, 2010, Plaintiffs Joanna and Michael Zielinski ("Plaintiffs") filed this lawsuit in Ventura County Superior Court against Target National Bank ("Target") for unlawful debt collection practices.

According to the Complaint, Plaintiffs received property, services, or money from Target on an extension of credit. (Compl. ¶ 4.) In seeking to collect the alleged debt, Target placed collection calls to Plaintiffs without disclosing its identity and with such unreasonable frequency that the "natural consequence" of this behavior "was to harass, oppress, or abuse Plaintiffs." (Id. ¶¶ 13, 17-18, Ex. A.) Plaintiffs further claim that Target continued to place calls even after receiving a cease and desist letter. (Id. ¶ 16.)

Plaintiffs assert a sole cause of action for violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788, et seq. (the "Rosenthal Act"). To support this state law claim, Plaintiffs also allege violations of the FDCPA, 15 U.S.C. § 1692, et seq. (Compl. ¶ 18.)

Defendant timely removed this action to this Court and contends that the "federal claim set out in the action includes a cause of action over which this Court has original jurisdiction." (Not. ¶ 3.) The Court disagrees and **REMANDS** the case, sua sponte, for lack of subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2954 GAF (CWx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | Joanna & Michael Zielinski v. Target National Bank | | |

jurisdiction.

## II.
## DISCUSSION

### A. LEGAL STANDARD

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removal statute is strictly construed against removal jurisdiction. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009). The "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986). Rather, "federal courts are under an independent obligation to examine their own jurisdiction." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229 (1990).

### B. APPLICATION

#### 1. APPLICABLE LAW

In Rains v. Criterion Sys., Inc., the Ninth Circuit addressed the issue of whether federal jurisdiction extends to a state law claim that alleges a number of alternative theories of relief, some of which are supported by reference to federal law. 80 F.3d 339, 341 (9th Cir. 1996). The plaintiff in Rains referred to Title VII of the Civil Rights Act of 1964 as one aspect of his claims for wrongful termination in violation of public policy and intentional interference with contractual relations. Id. at 342. In remanding the case for lack of subject matter jurisdiction, the Ninth Circuit held that "even though Rains' action is supported by a federal theory, there is no substantial federal question because his claim is also supported by an independent state theory." Id. at 347.

#### 2. THREE POSSIBLE GROUNDS FOR FEDERAL QUESTION JURISDICTION

In Rains, Judge Reinhardt analyzed three possible grounds for federal question jurisdiction: (1) whether the plaintiff asserts a federal claim in his complaint; (2) whether, under the "artful pleading doctrine," one or more of the state law claims "should have been recharacterized as a federal claim"; and (3) whether the state law claims necessarily turn on "the construction of a substantial, disputed federal question." Id. at 343.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2954 GAF (CWx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | Joanna & Michael Zielinski v. Target National Bank | | |

### a. Stating a Federal Claim

The Court must first analyze whether Plaintiffs have asserted a federal claim in their complaint, i.e., whether federal law creates the cause of action asserted. Id. In Rains, the Ninth Circuit noted that "[w]hile Rains named Title VII as one of several similar bases for determining the applicable public policy in his state law cause of action, he did not file a Title VII claim." Id. "Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so." Id.

Similarly, California district courts have held that mere references to federal law in claims pursuant to California's Unfair Competition Law ("UCL") do not convert those claims into a federal cause of action. E.g., Ortiz v. Indymac Bank, F.S.B., 2010 WL 2035791, at *1 n.3 (C.D. Cal. May 20, 2010); see also Leal v. U.S. Bank Nat'l Ass'n, 2010 WL 2389959, at *2 (C.D. Cal. June 9, 2010) ("Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim.").

Here, Plaintiffs have not asserted a claim pursuant to the FDCPA. Instead, they allege violations of California's Rosenthal Act, and merely cite violations of the FDCPA to support their state law claim. (Compl. ¶ 18.) Under section 1788.17 of the Rosenthal Act, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." CAL. CIV. CODE § 1788.17.

As in Rains, Plaintiffs are entitled to bring a state law claim for violations of a similar federal statute. Plaintiffs do not characterize their Rosenthal Act claim as a federal claim, but instead seek to simply borrow FDCPA violations as a means for proving their Rosenthal Act claim. Accordingly, the Rosenthal Act claim is not properly characterized as a federal claim, and the first basis for federal question jurisdiction is unavailing.

### b. Artful Pleading

Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984). Here Plaintiffs' complaint does not evince artful pleading to avoid federal jurisdiction; instead, they have pled a Rosenthal Act claim and cited the FDCPA as one alternate basis for establishing their claim. The artful pleading doctrine does not support federal question jurisdiction.

**JS-6**
**LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2954 GAF (CWx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | Joanna & Michael Zielinski v. Target National Bank | | |

### *c. Substantial Federal Question*

The third ground for determining the existence of federal question jurisdiction focuses on whether the state law claim necessarily turns on a substantial and actually disputed federal question. Rains, 80 F.3d at 343.

Even where state law creates the cause of action, federal jurisdiction may still lie if it appears that some "substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claims." Id. at 345 (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)). However, it is well established in the Ninth Circuit that when a claim can be supported by "alternative and independent theories," one of which is a state law theory and one of which is a federal law theory, "federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains, 80 F.3d at 346. While Rains's claim of wrongful termination in violation of public policy was "supported by three alternative theories," "[o]nly one theory, that which invokes Title VII to establish the public policy, clearly rests on a federal theory." Id. at 347. The court recognized that "[e]ven if [Defendant] was found not to have violated any federal statute, the [p]laintiffs might still be entitled to recover under an alternative theory of negligence." Id. at 346 (quoting Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 153 (4th Cir. 1994))

Similarly, in addressing UCL claims, the Ninth Circuit and California district courts have held that reciting a federal law as part of the claim does not raise a federal question. In Lippitt, Judge Goodwin noted that federal law was not a necessary element of Lippitt's UCL claim because he did not "have to rely on a violation of the Exchange Act nor an infraction of an NYSE rule or regulation to bring a UCL claim in California state court. He merely has to allege that Defendants' conduct was unfair or fraudulent." Lippitt v. Raymond James Fin. Serv., 340 F.3d 1033, 1043 (9th Cir. 2003). "Lippitt need not depend on the violation of federal law to bring his UCL claim. There is no 'basic' or 'pivotal' federal question that impinges on his right to relief." Id. at 1046 (citations omitted); see also Briggs v. First Nat'l Lending Serv., 2010 WL 962955, at *3 (N.D. Cal. Mar. 16, 2010) ("since the complaint's UCL claim is supported by numerous theories of recovery under California law, the alleged violation of TILA is not considered a necessary element . . . ."); Montoya v. Mortgageit Inc., 2010 WL 546891, at *3 (N.D. Cal. Feb. 10, 2010) ("The reference to the alleged RESPA, EOCA, and TILA violations are not a necessary element of the § 17200 claim because plaintiff could prevail on that claim by showing any 'unlawful, unfair, or fraudulent practice' independent of the federal law allegations.").

JS-6
LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2954 GAF (CWx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | Joanna & Michael Zielinski v. Target National Bank | | |

Here, Plaintiffs allege four separate violations of the Rosenthal Act: (1) placing telephone calls without disclosure of the caller's identity; (2) causing Plaintiffs' telephone to ring repeatedly and continuously so as to annoy Plaintiffs; (3) placing collection calls to Plaintiffs with unreasonable frequency; and (4) continuously failing to comply with the statutory regulations contained within the FDCPA. (Compl. ¶ 18.)

Clearly, only one of the alleged Rosenthal Act violations is predicated on violations of the FDCPA. Plaintiffs could recover under any of the first three state law violations, independent of the FDCPA violations. Moreover, most of the FDCPA-related allegations are redundant, as the Rosenthal Act prohibits the same violations Plaintiffs allege against Target under the FDCPA. (Compare 15 U.S.C. § 1692d(5) ("Causing a telephone to ring . . . continuously with intent to annoy, abuse, or harass any person at the called number") with CAL. CIV. CODE § 1788.11(d) ("Causing a telephone to ring repeatedly or continuously to annoy the person called")). Plaintiffs need not rely on FDCPA violations to assert their claim pursuant to the Rosenthal Act; the federal statute serves merely as an alternative and independent legal theory. Accordingly, federal law is not a necessary element of Plaintiffs' state law claim.

## III.
## CONCLUSION

Because the asserted violations of federal law are not necessary for Plaintiffs to prevail on their Rosenthal Act claim, the Court lacks subject matter jurisdiction. Accordingly, the case is **REMANDED** to Ventura County Superior Court for all further proceedings.

**IT IS SO ORDERED.**